Mrs. Valtaree Boyd 3816 North Olive North Little Rock, AR 72116
Dear Mrs. Boyd:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) REAL ESTATE AND PERSONAL PROPERTY TAX AMENDMENT (Ballot Title) THE STATE OF ARKANSAS AND ITS POLITICAL SUBDIVISIONS ARE BARRED FROM COLLECTION OF ANNUAL REAL ESTATE TAX WHEN SAID PROPERTY IS AN OWNER OCCUPIED DWELLING; THIS SHALL FURTHER BE DEFINED AS PRIMARY DWELLING PROPERTY AND ANY ACREAGE ATTACHED TO SAME UP TO 40 ACRES; ANY DOUBT AS TO WHETHER A PROPERTY IS OWNER OCCUPIED SHALL BE RESOLVED IN FAVOR OF THE OWNER. FURTHER, PERSONAL PROPERTY IS HEREIN AND HEREBY EXEMPT FROM TAXATION TO INCLUDE ANNUAL TAXATION OF VEHICLES LESS THAN 4000 POUNDS.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) REAL ESTATE, PERSONAL PROPERTY AND SALES TAX AMENDMENT (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROHIBITING THE STATE AND ITS POLITICAL SUBDIVISIONS FROM COLLECTING A USE TAX, OWNER'S TAX, OR ANY ANNUAL TAX ON REAL ESTATE PROPERTY UP TO AND INCLUDING 40 ACRES HELD BY INDIVIDUAL CITIZENS OF THE STATE OF ARKANSAS FOR PRIMARY DWELLING OR OWNER OCCUPIED PURPOSES, RESOLVING ANY DOUBT IN FAVOR OF THE OWNER, AND PROHIBITING COLLECTION OF AN ANNUAL PERSONAL PROPERTY TAX OR ANY ANNUAL TAX ON AUTOMOBILES WEIGHING LESS THAN 4,000 POUNDS; IMPOSING A THREE PERCENT (3%) COUNTY RETAIL SALES TAX TO BE APPROPRIATED AND USED BY THE COUNTIES FOR THE FOLLOWING PURPOSES IN THIS ORDER OF PRIORITY: EDUCATION OF GRADES ONE (1) THROUGH TWELVE (12), POLICE AND FIRE PROTECTION SERVICES, ROAD, STREET, SIDEWALK, TRAIL CONSTRUCTION, AND MAINTENANCE OF THE FOREGOING; REQUIRING, HOWEVER, THAT ONE PERCENT (1%) OF THE ANNUAL TAX PROCEEDS SHALL BE RETAINED IN TRUST FOR EMERGENCIES AS DETERMINED BY 2/3 OF THE QUORUM COURT, AND PROVIDING THAT EXCESS FUNDS SHALL BE USED FOR DEFRAYING THE NECESSARY EXPENSE OF COUNTY GOVERNMENT OR TURNED BACK TO COUNTY DWELLERS BY A METHOD DETERMINED BY 2/3 OF THE QUORUM COURT OR BY A MAJORITY OF THE COUNTY ELECTORATE; PROHIBITING ANY BUSINESS OR INDIVIDUAL FROM RETAINING ANY PORTION OF THIS OR ANY EXISTING SALES TAX; EXEMPTING FROM THE SALES TAX RETAIL NON-PRESCRIPTION AND PRESCRIPTION MEDICATIONS, MEDICAL SERVICES, FOOD SOLD OTHER THAN IN RESTAURANTS, SEWER AND GARBAGE SERVICE, AND RESIDENTIAL UTILITIES OF WATER, ELECTRICITY, AND GAS, AND PROVIDING FOR THE ELIMINATION OF ALL STATE AND LOCAL SALES TAXES ON THESE SAME EXEMPT ITEMS; EXEMPTING FROM THIS SALES TAX SELF-EMPLOYED INDIVIDUALS AND EXEMPTING SERVICES UNLESS THERE ARE MORE THAN TWO EMPLOYEES INCLUDING THE OWNER(S); PROHIBITING ANY SALES TAX OVER TEN PERCENT (10%), EXCEPT THAT THE VOTERS MAY PETITION TO INCREASE OR DECREASE THE PERCENTUM; PROHIBITING THE LEGISLATURE OR ANY COUNTY FROM LEVYING ANY NEW FORM OF TAX TO REPLACE ANY FUNDS ELIMINATED BY THIS AMENDMENT, EXCEPT AS PROVIDED BY PETITION OF THE VOTERS; AND MAKING THIS AMENDMENT SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh